IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JORGE ALBERT-DIAZ, :
    Petitioner :
:
vs.                                  CIVIL NO. 1:CV-10-2457
:
WARDEN WILLIAM SCISM, :
    Respondent :

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

        We are considering the Report and Recommendation of the magistrate judge recommending we deny petitioner Jorge Albert-Diaz's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner objects to the report, arguing that he was denied access to documentary evidence during the course of his prison disciplinary hearing. Specifically, he claims he was denied physical access to a cell phone and alleged gambling slips. Since objections were filed, the Court must "make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c).

        In order to obtain relief under § 2241, Albert-Diaz must show that he is being held in "in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241. It is well established that a challenge to a disciplinary action that resulted in the loss of good time credits is actionable under § 2241 because it affects the duration of the petitioner's sentence. *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008). It is equally well settled that a Disciplinary Hearing Officer's decision is entitled to deference

by a reviewing court and the decision must be upheld if it is supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 456-57 (1985). Likewise, the Supreme Court recognizes that inmates are entitled to procedural protections during the prison discplinary process, including the right to: (1) advance written notice of the disciplinary infractions; (2) an opportunity to call witnesses and present documentary evidence with the caveat as long as it is consistent with institutional safety; and (3) a written statement by the DHO on the evidence relied upon for its decision. *Wolff v. McDonnell*, 418 U.S. 539, 563-67, 94 S.Ct. 2963 (1974).

After review, we are not convinced by the petitioner's argument. In a thorough and thoughtful report, the magistrate judge correctly applied the relevant case law and the requisite statutory provisions governing habeas petitions. We see no reason for further comment because our reasoning is the same as the magistrate judge's.

ACCORDINGLY, this 15th day of March, 2011, it is ordered that upon consideration of the report and recommendation of the magistrate judge (doc. 10), filed January 20, 2011, to which objections were filed, and upon independent review of the record, it is ordered that:

1. The magistrate judge's report is adopted.

2. Petitoner's objection (doc. 14) is overruled.

3. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied.

4. The Clerk of Court shall close this file.

    /s/William W. Caldwell
William W. Caldwell
United States District Judge